IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
3:08CV592-03-MU

| | | |
|---|---|---|
| HAIBER MONTEHERMOSO, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | **O R D E R** |
| | ) | |
| NC DEPARTMENT OF CORRECTION et.al., | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

**THIS MATTER** comes before the Court on initial review of Plaintiffs' Complaint under

42 U.S.C. § 1983, filed December 19, 2008. (Document No. 1. )

In Plaintiff's conclusory Complaint Plaintiff contends that he "need[s] to get the "Adequate

Medical Care" and get [his] Tenis-shoes (sic) ordered by the Doctor A.S.A.P, Moreover, for the

Malpractice, pain and suffering among other things; – Compensatory, nominal and punitive

damages." (Complaint at 3.)

First, the Court notes that Plaintiff failed to sign his Complaint as is required by the Federal

Rules of Civil Procedure. See Fed. R. Civil Proc. 11. Next, it seems to the Court that Plaintiff 's

chief complaint is that the North Carolina Industrial Commission issued an Order dismissing his case

for failure to comply with Rule 9(j) on November 20, 2008 after ruling on October 31, 2008 that he

had until January 15, 2009 to produce an affidavit from a medical doctor to comply with Rule 9(j).

From Plaintiff's attachments to his Complaint, it appears to this Court, that Plaintiff has filed a

motion for reconsideration with the North Carolina Industrial Commission of the Court's Order

1

dismissing his case. This Court does not have jurisdiction to override decisions of the North Carolina Industrial Commission. Indeed, any appeals of Industrial Commission decisions would be to the North Carolina courts, not this Court.

Finally, Plaintiff's Complaint must be dismissed for failure to state a claim for relief. A cause of action pursuant to 42 U.S.C. § 1983 requires a deprivation of a right secured by the Constitution or other laws of the United States by a person acting under color of state law. Plaintiff's conclusory Complaint fails to state a claim under the Eighth Amendment for deliberate indifference to his serious medical needs. Furthermore, to the extent Plaintiff is attempting to pursue a negligence claim, negligence does not state a constitutional claim. Estelle v. Gamble, 429 U.S. 97, 105-06 (1976); Daniels v. Williams, 474 U.S. 327 (1986).

**NOW, THEREFORE, IT IS HEREBY ORDERED** that Plaintiffs' Complaint is Dismissed for failure to state a claim for relief.

**SO ORDERED**.

Signed: December 23, 2008

Graham C. Mullen
United States District Judge

2